Christian H. Dribusch, Esq.
*Chapter 7 Trustee*
20 Corporate Woods
Albany, NY  12207

Anthony Inserra, Esq.
*Attorney for Debtor*
531 Washington Street, Suite 3401
Watertown, New York 13601

*In Re: Annie L. Snyder*
Chapter 7
Case No. 06-10973

## LETTER DECISION AND ORDER

The contested matter before the court is the motion by the chapter 7 trustee, Christian H.

Dribusch, Esq. ( the "Trustee"), pursuant to § 522(a)[1] and Federal Rule of Bankruptcy Procedure

4003(b) for an order disallowing the exemption claimed by Anne L. Snyder  (the "Debtor') and

requesting turnover pursuant to § 542.  The court has jurisdiction over this core proceeding

pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(A), (B), and 1334(b).  The facts are not in

dispute.  The Debtor filed a  chapter 7 petition on April 28, 2006.  (No. 1.)  The Debtor is a

single mom with a minor son.  (*Id.* Sch. I.)  The Debtor scheduled "[l]ife insurance through

Prudential Financial Policy No. 96-705-015" (the "Policy") with a cash value of $1,884.22  as an

asset (*Id*. Sch B) and claimed it exempt  pursuant to New York Insurance Law §3212 (*Id*. Sch C).

At the meeting of creditors held pursuant to § 341, the Debtor testified that her sister is the

beneficiary of the Policy.  The Trustee filed his motion on July 11, 2006.  The Trustee asserts

that because the Policy was effectuated by the Debtor for the benefit of her sister, the Policy is

---

[1]Unless otherwise noted, all statutory references herein are to the Bankruptcy Abuse
Prevention and Consumer Protection Act ("BAPCPA") since the case was commenced after
October 17, 2005, the effective date of BAPCPA.

not exempt as to the Debtor's creditors pursuant to New York Insurance Law § 3212, and the

insurance proceeds should be turned over to him for administration.  The Debtor filed opposition

to the motion on August 1, 2006, asserting that her claimed exemption falls squarely within New

York Insurance Law §3212.  At the hearing held on August 9, 2006, the court set a briefing

schedule.  The Trustee was to file his memorandum of law on or before September 8, 2006, and

the Debtor was to respond by September 22, 2006.  A review of the court's docket indicates

neither party filed a memorandum of law with the court.

The State of New York has "opted out" of the federal exemption statute pursuant to

§ 522(b)(1) and has enacted Debtor & Creditor Law § 282 et. seq.  The objecting party, in this

case the Trustee, bears the burden of proving that an exemption has not been properly claimed.

Fed. R. Bankr. P. 4003(c); *In re Moore*, 177 B,.R. 437 (Bankr. N.D.N.Y. 1994).  For reasons

unbeknownst to the court, the Trustee has not pursued his argument.  Thus, the court concludes

the Trustee has abandoned it.  As such, the Trustee has not met his burden.  Accordingly, the

Trustee's objection to the claimed exemption is overruled.

It is SO ORDERED.

Dated: October 3, 2006                              /s/ Robert E. Littlefield, Jr.

                                                    United States Bankruptcy Judge - N.D.N.Y.